**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MPHJ TECHNOLOGY INVESTMENTS, LLC and NETWORKED SCANNING SOLUTIONS, LLC <br><br> Plaintiffs, <br><br> v. <br><br> RESEARCH NOW, INC. <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs MPHJ Technology Investments, LLC and Networked Scanning Solutions, LLC, by way of Complaint against Defendant Research Now, Inc. hereby allege as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*., and for a declaration of rights under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

2.  Plaintiff MPHJ is a limited liability company organized under the laws of the State of Delaware with a place of business at 166 S. Belknap, Stephenville, Texas 76401.

3.  Plaintiff Networked Scanning Solutions ("NSS") is a limited liability company organized under the laws of the State of Delaware with a place of business at 166 S. Belknap, Stephenville, Texas 76401.

4.  On information and belief, Defendant Research Now is a corporation organized under the laws of the State of Delaware with a principal place of business at 5800 Tennyson

Parkway, Suite 600, Plano, Texas 75024 and can be served through its Registered Agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338 and 2201(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400(b).

7. This Court has personal jurisdiction over Defendant at least because Defendant has ongoing and systematic contacts with this District and the United States. Specifically, Defendant has a registered agent for service of process in this state, maintains a principal business office in this district, and has at least thereby availed itself of the privileges and protections of the laws of the State of Texas.

## THE PATENTS-IN-SUIT

1. On January 13, 2009, United States Patent No. 7,477,410, entitled "Distributed Computer Architecture and Process for Virtual Copying," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '410 Patent is attached as Exhibit A1 to this Complaint.

2. On July 16, 2013, United States Patent No. 8,488,173, entitled "Distributed Computer Architecture and Process for Document Management," was duly and legally issued by the USPTO. A true and correct copy of the '173 Patent is attached as Exhibit A2 to this Complaint.

3. MPHJ is the assignee and owner of the right, title and interest in and to the '410 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of any claims thereof.

4. NSS is the exclusive licensee of the '410 Patent for the geographical territory including the Eastern District of Texas and, together with MPHJ, possesses rights sufficient as to have standing to jointly assert all causes of action arising under said patent and the right to any remedies for infringement of any claims thereof.

5. MPHJ is the assignee and owner of the right, title and interest in and to the '173 Patent, including the right to assert all causes of action arising under said Patent and the right to any remedies for infringement of any claims thereof.

6. NSS is the exclusive licensee of the '173 Patent for the geographical territory including the Eastern District of Texas and, together with MPHJ, possesses rights sufficient as to have standing to jointly assert all causes of action arising under said patent and the right to any remedies for infringement of any claims thereof.

## BACKGROUND

7. This is a case in which Plaintiffs own the '410 Patent and the '173 Patent (collectively the "MPHJ Patents") each of which generally pertains to networked scanning systems. Such systems generally possess certain features and components which, when combined, satisfy the elements of one or more claims of the MPHJ Patents.

8. On information and belief, Research Now is a company that operates as a business unit of its parent company, e-Rewards, and provides digital data collection and market research through online opinion survey panels as well as through mobile, digital and social media technologies.

9. On information and belief, e-Rewards and Research Now each maintains its respective principal place of business out of the same office in Plano, Texas.

10. Plaintiffs have engaged in a thorough and proper review of publicly available information regarding Research Now, as well as the information technology needs and infrastructures of companies generally of its nature and size, and have reasonably concluded on knowledge, information and belief, which where not yet supported by direct evidence will likely have evidentiary support after a reasonable opportunity for discovery, that Defendant uses at least one networked scanning system with the components, features, characteristics and capabilities that infringe one or more claims of the MPHJ Patents.

11. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant, together with its employees, agents, consultants and subcontractors under their control, acquired the components of, and then assembled at least one networked scanning system with the components, features, characteristics, and capabilities that infringe one or more claims of the MPHJ Patents.

12. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant has used and continues to use at least one networked scanning system with the components, features, characteristics and capabilities that infringe one or more claims of the MPHJ Patents.

13. Plaintiffs have exchanged extensive correspondence with Defendant regarding the MPHJ Patents, beginning with a letter dated March 26, 2013, including making Research Now aware of the MPHJ Patents plus providing a general description of the features of an infringing system, setting forth their belief that Defendant employs an infringing system and therefore should take a license to the MPHJ Patents, and imploring Research Now to contact NSS should it believe it is not in use of an infringing system. At the time of this first letter, the '173 Patent had

not yet issued, and was identified as Application No. 12/182,857. Research Now did not respond to the March 26, 2013 letter.

14. NSS sent a second letter to Research Now on April 12, 2013 and again implored Defendant to contact Plaintiffs if an infringing system was not in use.

15. On April 19, 2013, Defendant Research Now responded to NSS, acknowledged receipt of the first letter, but did not deny use of a system meeting the general description of the exemplary system provided in NSS's initial letter.

16. On May 2, 2013, NSS again contacted Research Now asking Research Now to advise it if Research Now was not in use of a system as described in NSS's initial correspondence. Research Now did not respond to the May 2, 2013 email.

17. On May 9, 2013, NSS again contacted Research Now and requested a response to the previous correspondence sent to Research Now.

18. On May 23, 2013, Research Now responded to the previous correspondence from NSS. However, such letter failed to respond substantively to any inquiries made by NSS regarding Research Now's systems, and further did not deny use of a system with the features and characteristics as described in NSS's initial correspondence.

19. On May 23, 2013, NSS again contacted Research Now requesting specific information about the components of the system it employed and further reiterated its request for affirmation that Research Now did not employ a system as described in NSS's initial correspondence.

20. On June 25, 2013, Research Now responded to the May 23, 2013 email, but did not deny infringing.

21. On July 15, 2013, Research Now sent an email to NSS asking for a response to Research Now's June 25, 2013 letter, and again did not in this correspondence deny infringement.

22. July 16, 2013, NSS responded to Research Now pointing out that Research Now still has not provided any substantive responses to NSS's previous requests for information. Despite two letters and four emails from NSS to Research Now over the course of the previous four months directly requesting information regarding Research Now's system, Research Now refused to provide any of the requested information, and has neither denied the use of an infringing system nor taken a license.

23. On October 25, 2013, Plaintiffs sent further correspondence to Research Now, informing it of the recent issuance of the '173 Patent, identifying its parent company e-Rewards as also likely having or sharing with it an infringing system, and again requesting a response from Research Now as well as e-Rewards to confirm or deny that either or both, individually or together, employ a system or systems as described in the October 25, 2013 and prior correspondence.

24. Despite such further direct requests, neither Research Now nor e-Rewards has responded to that letter, and neither has denied use of an infringing system or taken a license.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,477,410

25. Plaintiffs re-allege and incorporate herein all allegations made in the preceding paragraphs, and further allege as follows.

26. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant has been directly infringing

and continues to directly infringe one or more claims of the '410 Patent in the United States and in this judicial district at least by making and/or using at least one networked scanning system that satisfies all of the elements of one or more claims of the '410 Patent in violation of 35 U.S.C. § 271 (a).

27. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses at least one network addressable scanner, digital copier or other multifunction peripheral (collectively, "IP scanner") capable of creating a digital copy of a physical document (*e.g.*, a paper document).

28. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses one or more central computer(s) or server(s) for sharing access to information (collectively, Defendant's "file server") among desktop computers and/or other devices used by Defendant's employees (collectively, "client computers").

29. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses one or more central computer(s) or server(s) running corporate electronic mail software (collectively, Defendant's "email server").

30. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant's file server(s) and email server(s) are each connected to data stored in an electronic storage medium ("Defendant's data storage") such that certain of Defendant's data located in Defendant's data storage is accessible to Defendant's file server(s) and/or email server(s).

31. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses memory in its file server(s) and/or email server(s) which stores software permitting electronic communication between Defendant's file server and at least one of the Defendant's IP scanners.

32. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses memory in its IP scanner(s), file server(s), and/or email server(s) which stores software permitting electronic communication between Defendant's file server and at least one of Defendant's client computers.

33. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses memory in its IP scanner(s), file server(s), and/or email server(s) which stores software permitting electronic communication between Defendant's email server(s) and at least one of Defendant's IP scanners.

34. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses memory in its IP scanner(s), file server(s), and/or email server(s) which stores software permitting electronic communication between Defendant's email server(s) and at least one of Defendant's client computers.

35. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, Defendant uses software operated on or in conjunction with its IP scanner(s), file server(s), email server(s), and/or their data storage to replicate and transmit one or more digital copies of physical documents such as paper documents to one or more servers or client computers.

36.     On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, this replication and transmission occurs as a result of a user-command communicated through an interface, without any modification of any of Defendant's client computers, and without any modification of Defendant's software source code.

37.     Research Now was made aware of the '410 Patent and its infringement thereof at least since its receipt of correspondence from NSS sent on March 26, 2013.

38.     Defendant knew or should have known of the risk of infringement, at least because of the receipt of NSS's letters. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, despite the provision by Plaintiffs of notice regarding the MPHJ Patents, Defendant has continued to infringe the MPHJ Patents, and has behaved recklessly in continuing to infringe. On information and belief, accordingly, Defendant's infringement has been and continues to be willful under 35 § U.S.C. 284.

39.     As a result of Defendant's infringement of the MPHJ Patents, as set forth herein, Plaintiffs have suffered damages and will continue to suffer damages in the future. Plaintiffs are entitled to an award of such damages, but in no event less than a reasonable royalty, the precise amount to be determined at trial.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,488,173

40.     Plaintiffs re-allege and incorporate herein all allegations made in the preceding paragraphs, and further allege as follows.

41. On information and belief, allegations and information sufficient to establish that Research Now infringes and has infringed one or more claims of the '173 Patent is provided above in connection with the allegations and information pertaining to the '410 Patent.

42. Research Now was made aware of the '173 Patent and its infringement thereof at least since its receipt of correspondence sent October 25, 2013.

43. Defendant knew or should have known of the risk of infringement, at least because of the receipt of NSS's letters. On information and belief, not denied by Defendant upon reasonable inquiry by Plaintiffs, and likely to be confirmed through discovery, despite the provision by Plaintiffs of notice regarding the MPHJ Patents, Defendant has continued to infringe the MPHJ Patents, and has behaved recklessly in continuing to infringe. On information and belief, accordingly, Defendant's infringement has been and continues to be willful under 35 § U.S.C. 284.

44. As a result of Defendant's infringement of the MPHJ Patents, as set forth herein, Plaintiffs have suffered damages and will continue to suffer damages in the future. Plaintiffs are entitled to an award of such damages, but in no event less than a reasonable royalty, the precise amount to be determined at trial.

### COUNT III

### DECLARATION THAT NO VIOLATION OF RULE 11 BY PLAINTIFFS OR THEIR COUNSEL OCCURRED IN CONNECTION WITH THE PRE-SUIT INVESTIGATION AND FILING OF THIS ACTION

45. Plaintiffs re-allege and incorporate herein all allegations made in the preceding paragraphs, and further allege as follows.

**A.   A Controversy Exists over whether Rule 11 Has Been Satisfied.**

46. A justiciable actual controversy exists under 28 U.S.C. § 2201(a).

47. In its April 19, 2013 first response to NSS, counsel for Research Now explicitly cited Rule 11 and alleged that, "it is clear that you have failed to perform an adequate investigation as would be required under Rule 11 of the Federal Rules of Civil Procedure should you pursue litigation."

48. In its May 23, 2013 second response to NSS, counsel for Research Now again explicitly cited Rule 11, noted that a representative of NSS had insisted to Research Now that "[its] Rule 11 obligations 'have been satisfied,'" and again asserted that NSS had not satisfied its Rule 11 obligations.

49. In its June 25, 2013 third response to NSS, which was retransmitted also on July 15, 2013 by e-mail, counsel for Research Now a third time accused NSS of failing to perform an adequate Rule 11 investigation: "NSS has done nothing more than speculate as to alleged infringement, which neither satisfies its Rule 11 obligations nor provides Research Now with a reasonable way to investigate NSS'[s] statements."

50. By presenting this Complaint to the Court, Plaintiffs' Counsel, as required, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

51. Since NSS's first letter in March 2013, Defendant and its counsel have refused upon reasonable inquiry by Plaintiffs any reasonable opportunity for further investigation short of through discovery in litigation, while litigation such as this and related discovery is expressly allowed by Rule 11 as a legitimate means of confirming factual contentions, including those set forth in this Complaint.

52. In addition, this Complaint "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

53. Furthermore, "the claims, defenses, and other legal contentions [herein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

54. And any "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4).

55. The diametrically opposed positions of Plaintiffs and Defendant and their respective counsel on the sufficiency of Plaintiffs' pre-filing investigation create an actual controversy which, to resolve, the Court "may declare the rights and other legal relations of" the parties. 28 U.S.C. § 2201(a).

56. A violation of Rule 11 exposes an attorney, law firm, or party responsible for the violation to potential sanctions. *See* Fed. R. Civ. P. 11(c). Such sanctions could include monetary sanctions, which further could include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

57. Counsel for Research Now in fact expressly alleged, for example, in the May 23, 2013 letter that, "Such practice, if true, not only is inappropriate, but amounts to sanctionable conduct."

58. Accordingly, Plaintiffs and their counsel have a strong interest in having Defendant's repeated accusations of a Rule 11 violation not only resolved, but resolved as

quickly and as early in this litigation as possible, to prevent Defendant and its counsel from incurring attorney's fees or other expenses that they may claim could be recouped as sanctions.

59. This Court also has a strong interest based on principles of judicial economy in resolving an actual controversy early in litigation where a declaration on that issue of the rights and other legal obligations of the parties may determine whether the litigation will proceed, to avoid unnecessary cost and effort by the Court or the parties.

**B.    Sending Notice, Inquiry & Licensing Letters Is Protected Activity.**

60. Under the U.S. Constitution and U.S. patent laws, even federal law related to unfair competition, including but not limited to 15 U.S.C. §§1, 2, 45, 1117 & 1125, may not impair the rights of a U.S. patent owner to exercise its notice, inquiry, licensing and enforcement rights unless it is shown that the actions of the U.S. patent owner were objectively baseless and subjectively baseless.

61. Under U.S. patent law, and the U.S. Constitution, a U.S. patent owner may exercise any of its U.S. patent rights by reliance upon an attorney.

62. Under U.S. patent law, it is not unlawful to send a potential infringer an inquiry regarding patent infringement and refer such recipient to a website where copies of the relevant patents may be obtained.

63. Under U.S. patent law, and the U.S. Constitution and other federal law, it is not unlawful for a patent owner to attempt to license its patents to infringers without bringing suit.

64. Under U.S. patent law, and the U.S. Constitution and other federal law, it is consistent with public policy for a patent owner to attempt to first license the patents without bringing suit.

65. Under U.S. patent law, the Federal Rules of Civil Procedure, the U.S. Constitution and other federal law, a U.S. patent owner may send patent notice, patent inquiry, and patent licensing letters to a recipient without first satisfying the same level of investigation as is required under Rule 11 for bringing suit.

C. **Enforcement & Licensing Considerations Presented by the MPHJ Patents.**

66. The Federal Rules of Civil Procedure require, as a predicate, that a pre-suit investigation be conducted to confirm the infringement.

67. The networked systems covered by the MPHJ Patents are internal to Defendant and unavailable for inspection by Plaintiffs.

68. Publicly accessible proof of infringement by Defendant is not available.

69. Absent publicly accessible proof of infringement, a patent owner may satisfy its Rule 11 obligations by sending a letter to the potential infringer explaining the potential infringement, ask the recipient if it so infringes, and if the recipient affirms non-infringement, request that it provide information sufficient to support non-infringement.

D. **The MPHJ Patent Licensing Effort Followed Federal Law.**

70. NSS's letters to Defendant were and are a lawful and reasonable attempt to (a) provide notice to recipients of Plaintiffs' patent rights; (b) offer a license where needed; and, (c) supplement a reasonable pre-suit investigation of infringement where needed.

71. The March 26, 2013 letter sent to Research Now explains that the MPHJ Patents relate to a particular form of networked scanning system, and that the sender believed it was likely that the recipient had a system that would be covered by the MPHJ Patents.

72. The March 26, 2013 letter informed the recipient that if it did have an infringing system, a license was needed, and that the sender was willing to grant such a license.

73. The March 26, 2013 letter also informed the recipient if it did not have an infringing system, no license was needed, and the sender wished only to be so informed and would discontinue contact upon reasonable confirmation of non-infringement.

74. This March 26, 2013 letter was and is consistent with a lawful and appropriate licensing campaign, as it provided Research Now proper notice of the patents, offered a license, and provided a reasonable mechanism to confirm non-infringement.

75. Because Research Now did not respond to the March 26, 2013 letter, a second letter, dated April 12, 2103, was sent by NSS's counsel to Research Now.

76. The April 12, 2013 letter from counsel simply advised the recipient that its client had sent the March 26, 2013 letter, and asked for a response.

77. The April 12, 2013 letter reiterated NSS's position that if Research Now did not have an infringing system, NSS merely wished to be so informed thusly and obtain reasonable confirmation of same, so that it would know to discontinue contact.

78. The April 12, 2013 letter also made clear that if, on the other hand, the recipient did have an infringing system, NSS was willing to work with Research Now to reach an agreement on a license.

79. Subsequent efforts were made to obtain information regarding Defendant's internal systems to confirm or rebut Plaintiffs' conclusion that Defendant was and is utilizing a networked scanning system that infringes one or more claims of the MPHJ Patents.

80. Despite such efforts, to date Defendant has refused to provide any information regarding its internal systems, has not denied use of an infringing system, and has not taken a license.

81. In circumstances where, as here, the infringing product or system is not publicly available and:

   a. Plaintiffs have provided notice of their patent rights;
   b. Plaintiffs have offered to license the patented technology;
   c. Plaintiffs have sought information from Defendant regarding Defendant's use of an infringing system;
   d. Plaintiffs have sought reasonable information to support an affirmation of non-infringement; and,
   e. Defendant has neither provided the requested information nor provided an affirmation or information to support non-infringement;

the conduct engaged in by Plaintiffs is an appropriate means to satisfy their obligations under Rule 11 to conduct a reasonable pre-suit investigation, and is sufficient to satisfy that obligation.

## JURY DEMAND

82. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MPHJ and NSS demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, MPHJ and NSS respectfully demand judgment for themselves and against Defendant as follows:

A. a declaration that no violation of Fed. R. Civ. P. 11 by Plaintiffs or their counsel occurred in connection with the pre-filing investigation and filing of this action;

B. an adjudication that Defendant has infringed one or more claims of the '410 Patent;

C. an adjudication that Defendant has infringed one or more claims of the '173 Patent;

D. an award of damages to be paid by Defendant adequate to compensate Plaintiffs for past infringement of the MPHJ Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and enhanced damages for any

willful infringement as justified under 35 U.S.C. § 284, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. to the extent the Defendant's conduct subsequent to the date of its notice of the MPHJ Patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '173 and '410 Patents; and,

F. an award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2013                    FARNEY DANIELS PC

*/s/ W. Bryan Farney*
W. Bryan Farney
SBN 06826600
E-mail: bfarney@farneydaniels.com
800 South Austin Ave., Suite 200
Georgetown, TX 78626
Phone: (512) 582-2828
Fax: (512) 582-2829

*Attorneys for Plaintiffs*
*MPHJ Technology Investments, LLC and*
*Networked Scanning Solutions, LLC*